UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHEYLA M. FRIAS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 2:18-cv-00987-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Am. Compl. – ECF No. 8) |

This matter is before the court on plaintiff Sheyla M. Frias' failure to respond to this court's Order to Show Cause (ECF No. 22) entered April 16, 2019.

Ms. Frias is proceeding in this action *pro se* and *in forma pauperis* ("IFP"). *See* Screening Order (ECF No. 6). She initiated this civil action on May 31, 2018, by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1) and proposed Complaint (ECF No. 1-1). The court issued an Order (ECF No. 4) denying Frias's application without prejudice as incomplete. Frias therefore filed a new IFP Application (ECF No. 5). The court issued a Screening Order (ECF No. 6) granting Frias's new IFP Application and screening the complaint pursuant to 28 U.S.C. § 1915(e). The court found that the complaint failed to state a claim upon which relief could be granted and allowed her to file an amended complaint. She filed her Amended Complaint (ECF No. 8) on September 12, 2018. Thus, the court issued a second Screening Order (ECF No. 9) finding that Frias's Amended Complaint stated a claim for initial screening purposes. The Clerk of Court was instructed to issue summons. Defendant filed an Answer (ECF No. 17) on February 27, 2019.

The court issued a Scheduling Order (ECF No. 19) on February 28, 2019, setting the briefing deadlines for this case. The Scheduling Order required Ms. Frias to file a motion for reversal and/or remand no later than April 15, 2019, and advised her that a failure to file a motion

or points and authorities may result in dismissal of the action. *Id*. at 5. Ms. Frias failed to comply with the court's Scheduling Order by filing such a motion. To date, she has not filed a motion for reversal and/or remand, requested an extension of time, or taken any other action to prosecute this case.

The court therefore required Ms. Frias to show cause in writing no later than May 16, 2019, why this matter should not be dismissed for her failure to file a motion for reversal and/or remand. Ms. Frias was advised that filing the motion for reversal and/or remand on or before May 16, 2019, would satisfy the court that dismissal was not warranted, and no further response to the order to show cause would be required. Ms. Frias was warned that her failure to timely file such motion would result in a recommendation to the district judge that this case be dismissed.

Ms. Frias has not responded to Judge Leen's Order to Show Cause and she has not requested an extension of time to do so.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff's Amended Complaint (ECF No. 8) be DISMISSED without prejudice unless she files a motion for reversal and/or remand before **June 11, 2019**.
2. The Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 28th day of May 2019.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and

authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.